UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:20-cv-371-MOC

| | |
|---|---|
| **TERESA PULLIUM**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  ORDER |
| | ) |
| **KILOLO KIJAKAZI**, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on the parties' opposing Motions for Summary Judgment. (Doc. Nos. 15, 17).

Plaintiff Teresa Pullium brought this action under sections 205(g) and 1631(c)(3) of the Social Security Act ("Act"), 42 U.S.C. §§ 405(g), 1383(c)(3), to obtain judicial review of the final decision of the Commissioner denying her concurrent applications for a period of disabilityand disability insurance benefits ("DIB") and supplemental security income ("SSI") under titles II and XVI of the Act, 42 U.S.C. §§ 401–433, 1381–1383f. (Tr. 44–54.) Plaintiff argues that the ALJ should have included in the residual functional capacity finding a restriction based on Plaintiff's alleged need to elevate her legs throughout the workday.

For the foregoing reasons, the Court disagrees. The Court finds that the ALJ conducted the proper analysis and the ALJ's decision is supported by substantial evidence in the record. As a result, Plaintiff's motion will be **DENIED**, the Government's motion will be **GRANTED**, and the ALJ's decision will be **AFFIRMED**.

-1-

## I. Administrative History

Plaintiff applied for SSI on or about March 7, 2018, alleging that she became disabled on August 8, 2016. (Tr. 44, 287–88, 289–94.) Her application was denied initially and on reconsideration. (Tr. 200–03, 204–07.) An ALJ held an administrative hearing on December 12, 2019, and Plaintiff attended that hearing with counsel. (Tr. 61–82.) On January 15, 2020, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act. (Tr. 44–54.) On October 14, 2020, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's January 15, 2020, decision the Commissioner's final decision. (Tr. 1–7.) Plaintiff then filed this civil action for judicial review of the Commissioner's final decision. The Commissioner has answered Plaintiff's Complaint. (Doc. No. 11). This case is before the Court on the parties' cross-motions for summary judgment. (Doc. Nos. 15, 17).

## II. Factual Background

It appears that the ALJ's findings of fact are supported by substantial evidence. Therefore, the Court adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (internal

citations omitted). Even if the Court were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if it was supported by substantial evidence. Hays, 907 F.2d at 1456. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

### IV.   Substantial Evidence

#### a. Introduction

The Court reviewed the administrative record and the memoranda submitted by the parties in their cross-motions for summary judgment. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. For the following reasons, the Court finds that the ALJ's decision was supported by substantial evidence.

#### b. Sequential Evaluation

The Act defines "disability" as an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

-3-

Case 1:20-cv-00371-MOC   Document 19   Filed 01/07/22   Page 3 of 11

result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(2). To qualify for DIB under Title II of the Act, 42 U.S.C. §§ 416(i) and 423, an individual must meet the insured status requirements of these sections, be under retirement age, file an application for disability insurance benefits and a period of disability, and be under a "disability" as defined in the Act.

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim pursuant to the following five-step analysis:

   a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

   b. An individual who does not have a "severe impairment" will not be found to be disabled;

   c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

   d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

   e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

### V. Discussion

#### A. The ALJ's Decision

The ALJ found that Plaintiff was not disabled under the Act. In rendering her decision, the ALJ applied the five-step sequential evaluation process set forth in the regulations for evaluating disability claims. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24 (2003). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful since the date she alleged her disability began, August 8, 2016. (Tr. 46.) At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; leg length discrepancy; and left ankle pain. (Tr. 46–48.) At step three, the ALJ found that Plaintiff's severe impairments did not meet or medically equal a listed impairment. (Tr. 48.)

Before proceeding to step four, the ALJ determined that Plaintiff had the residual functional capacity to perform a limited range of sedentary work, subject to numerous additional physical, postural, manipulative, and environmental restrictions: (1) occasionally push or pull with her right lower extremity; (2) never climb ladders, ropes, or scaffolds; (3) occasionally climb ramps or stairs; (4) occasionally balance, stoop, kneel, crouch, and crawl; and (5) frequent exposure to workplace hazards. (Tr. 48.) The ALJ explained the residual functional capacity finding in detail. (Tr. 48–52.)

At step four, the ALJ found that Plaintiff could still perform her past relevant work as a marketing assistant and design director. (Tr. 52–53.) Even though the step four finding ended the sequential evaluation process with a finding that Plaintiff was not disabled, the ALJ nevertheless proceeded to make alternative findings at step five. In particular, the ALJ found that, based on Plaintiff's age, education, work experience, and residual functional capacity, as well as testimony from a vocational expert ("VE"), Plaintiff could perform jobs existing in significant numbers in the national economy. (Tr. 52–53.) As a result, the ALJ concluded that Plaintiff was not disabled under the Act. (Tr. 54.)

### B. Substantial evidence supports the ALJ's RFC but does not support greater limitation—including the alleged need for leg elevation

Plaintiff argues that the ALJ should have included in the residual functional capacity finding a restriction accounting for her alleged need to elevate her legs over the course of workday. (Pl. Br. 3–11.) For the following reasons, the Court disagrees.

Residual functional capacity ("RFC") is an administrative assessment of the most an individual can do despite the limitations caused by physical and mental impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a); Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *1–2 (July 2, 1996). Plaintiff bears the burden of providing evidence establishing the degree to which her impairments limit her residual functional capacity. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The ALJ bears sole responsibility for assessing a claimant's residual functional capacity. 20 C.F.R. §§ 404.1545(c), 416.945(c).

In making the residual functional capacity assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR 96-8p, 1996 WL 374184, at *2. But the ALJ is not obliged to precisely mirror any particular

piece of evidence, or even to discuss every piece of evidence in the record. See Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014) (citing 42 U.S.C. § 405(b)(1) and affirming an ALJ decision that contained a discussion of "the whole record," instead of a description of everypiece of evidence in the record); Felton-Miller v. Astrue, 459 F. App'x 226, 230–31 (4th Cir. 2011) (explaining that an ALJ should base an individual's residual functional capacity on all available evidence); Griffin v. Comm'r, Soc. Sec. Admin., No. SAG-16-274, 2017 WL 432678, at *3 (D. Md. Jan. 31, 2017) ("ALJ need not parrot a single medical opinion, or even assign 'greatweight' to any opinions, in determining [residual functional capacity]"). Rather, the ALJ must review and synthesize the record in its entirety and make findings about what the evidence shows. See 20 C.F.R. §§ 404.1520b, 416.920b ("After we review all of the evidence relevant to your claim we make findings about what the evidence shows.").

In evaluating an individual's residual functional capacity, an ALJ must identify and discuss all work-related limitations on a function-by-function basis, explaining the reasons why each limitation applies. Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015). However, the ALJ need not discuss functional restrictions that are "irrelevant and uncontested." Id. Notably, an ALJ's obligation to assess a claimant's work-related abilities on a function-by-function basis existed before Mascio, and Mascio did not change that obligation. See Social Security Ruling (SSR) 96-8p, 1996 WL 374184 (July 2, 1996). It did, however, clarify: (1) that an ALJ's failure to perform an explicit function-by-function analysis may require remand; and (2) that a remand is appropriate only when the ALJ does not assess relevant functions despite contradictory evidence in the record or when other inadequacies in the

ALJ's analysis frustrate meaningful review. See Mascio, 780 F.3d at 636. The Mascio court explicitly rejected a per se rule requiring remand in every case where the ALJ did not discuss a particular function, as "remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" Id. (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)).

The ALJ conducted the appropriate analysis of all relevant functions at issue in this case. While the ALJ acknowledged that Plaintiff's impairments and limitations do cause a very significant degree of limitation—for example, the ALJ restricted Plaintiff to sedentary work (which involves sitting and never lifting more than 10 pounds)—they do not support Plaintiff's claim that she must keep her left lower extremity elevated for up to 80 to 85% of the workday. The ALJ discussed medical records, treatment notes, examination findings, Plaintiff's subjective claims, and medical opinion evidence in support of her decision. This included numerous references to normal, or only mildly abnormal, findings relating to Plaintiff's left ankle.

For example, the ALJ discussed records from September 5, 2019, in which Plaintiff complained of ankle pain and presented with ankle swelling; but examination findings reflected full range of motion, with no edema and no pitting despite that swelling. (Tr. 50, 452–53.) The ALJ also cited findings from September 16, 2019, when Plaintiff presented with "mild swelling" and edema in her ankle. (Tr. 50, 845.) Other notes show that when Plaintiff presented with ankle complaints, her swelling was often either "mild" or "minimal" with some references to more severe findings, including an instruction to elevate the leg, though with no indication of how often or for how long, and an x-ray showing "marked" swelling around

-8-

Case 1:20-cv-00371-MOC   Document 19   Filed 01/07/22   Page 8 of 11

Plaintiff's left ankle. (Tr. 50–51 <u>citing</u> Tr. 427, 449–50.) Evidence submitted to the Appeals Council showed that Plaintiff had surgery to excise a mass and perform tarsal tunnel decompression in January 2020. (Tr. 18–19.) According to that note, Plaintiff had no edema, and her neurological examination was normal. (Tr. 19.)

The ALJ also discussed the medical opinion evidence in the record. She began by noting the opinions, from non-examining State agency sources, that Plaintiff could perform medium work subject to additional limitations. (Tr. 51.) Acknowledging the medical evidence relating to Plaintiff's foot and back impairment, as well as Plaintiff's subjective claims regarding her symptoms, the ALJ found that these opinions were unpersuasive because they were not sufficiently restrictive. (Tr. 51.) The ALJ further summarized and discussed two reports from consulting examiner Stephen Burgess, M.D. (Tr. 49, 51.) On both occasions when he examined Plaintiff, Dr. Burgess noted no tenderness, redness, warmth, swelling, fluid, laxity, or crepitus of the knees, ankles, or feet. (Tr. 399, 413.) Range of motion in Plaintiff's ankles was slightly reduced. (Tr. 399, 413.) Dr. Burgess concluded that Plaintiff would have mild to moderate impairments in her exertional abilities, but he made no reference to a requirement or limitation relating to leg elevation. (Tr. 401, 415.)

The ALJ further discussed opinion evidence from two nurse practitioners, Chrysanthi L. Mitchell and Eden Jabaley. (Tr. 52, 847–49, 850–53.) Ms. Mitchell opined that Plaintiff would require frequent changes in position and would also need to elevate her legs. (Tr. 849.) The ALJ addressed this opinion by adopting postural restrictions and a restriction relating to Ms. Pullium's lower right extremity because they were consistent with the other evidence. (Tr. 52.) With regard to Ms. Jabaley, the ALJ cited Ms. Jabaley's limited treating relationship with

Plaintiff, as well as inconsistencies between her opinion and the other evidence in the record and concluded the opinion was not persuasive. (Tr. 52.) Given the medical records discussed above, substantial evidence supports the ALJ's conclusion.

The ALJ also acknowledged Plaintiff's subjective claims. This included her hearing testimony, where she stated she needed to keep her leg elevated for 80 to 85% of the day. (Tr. 49, 76.) It also included statements Plaintiff made in a Disability Report, which made multiple references to "extreme" back pain, but did not mention or discuss her ankle. (Tr. 17, 326–33.) Given the inconsistency between those claims and the medical evidence discussed above (as well as her self-described activities of daily living), the ALJ reasonably concluded that Plaintiff's allegations of extreme limitations were out of step with the other evidence. (Tr. 51, 52.)

For these reasons, the Court finds that the ALJ properly supported the residual functional capacity finding as written, without the additional claimed limitation relating to leg elevation for 80 to 85% of the workday. (Tr. 48–52.) Plaintiff is essentially asking the Court to exceed the scope of its limited review of the ALJ's decision by effectively rehearing the factual merits of Plaintiff's case—something the Court is not legally permitted to do. See Biestek, 139 S. Ct. at 1154 (explaining that a district court's review of a Social Security disability matter "looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (stating that a reviewing court may not reweigh the evidence or substitute its own judgment, even if it appears to the court that the evidence weighs in favor of a different result); Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982) (requiring

affirmance so long as substantial evidence supports the Commissioner's decision, even if the reviewing court disagrees with the Commissioner's weighing of the evidence).

In light of the supporting discussion the ALJ provided in her decision, there is no merit to Plaintiff's claim that the ALJ should have included in the residual functional capacity finding a limitation allowing for Plaintiff to elevate her legs over the course of a workday. As a result, Plaintiff's motion is denied and the ALJ's decision is affirmed.

### VI. Conclusion

Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. As explained above, the term "substantial evidence" is a term of art that does not imply a high threshold of evidentiary support but, rather, evidence that is "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek, 139 S. Ct. at 1154. The Court finds that there was indeed such evidence.

### ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) The decision of the Commissioner (see Doc. No. 12), denying the relief sought by Plaintiff, is **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment, (Doc. No. 15) is **DENIED**;

(3) The Commissioner's Motion for Summary Judgment, (Doc. No. 17) is **GRANTED;** and

(4) This action is **DISMISSED.**

Signed: January 7, 2022

Max O. Cogburn Jr
United States District Judge